IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TINO JOSEPH,

    Plaintiff,                    CV F 03 5296 REC WMW P

    vs.                           ORDER GRANTING LEAVE TO
                                   FILE A SECOND AMENDED COMPLAINT

GAIL LEWIS,

    Defendant.

        Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff, an inmate in the custody of the California Department of Corrections at Pleasant Valley State Prison in Coalinga, brings this civil rights action against the following individual defendants:  Gail Lewis, Warden at Pleasant Valley; M. Koshell, Assistant Director of Community Resources; Community Resource Manager A. Bonilla; Captain Quinn-Robicheaux; S. Neill, Supervisor of Vocational Instruction; D. Burnett, Vocational Instructor; N. Grannis, Chief of Inmate Appeals.  Plaintiff claims that defendants are prohibiting him from the free exercise of his religious belief.

        To warrant relief under the Civil Rights Act, a plaintiff must allege and show that defendant's acts or omissions caused the deprivation of his constitutionally protected rights. Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1993).   In order to state a claim under § 1983, a plaintiff must allege that: (1) a person was acting under color of state law at the time the complained of act was committed; and (2) that person's conduct deprived plaintiff of rights,

1

privileges or immunities secured by the Constitution or laws of the United States.  Paratt v.Taylor, 451 U.S. 527, 535 (1981).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which the complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

In order to establish a free exercise violation, plaintiff must show the defendants burdened the practice of his religion, by preventing him from engaging in conduct mandated by his faith, without any justification reasonably related to legitimate penological interests.  See Turner v. Safley, 482 U.S. 78 (1987).

Here, plaintiff alleges that defendant Burnett, on September 13, 2002, prohibited plaintiff from attending and participating in Jumu'ah prayer services.   Plaintiff informed Burnett that, as a practicing Muslim, he is obligated to attend the Jumu'ah service every Friday. Burnett informed plaintiff that he was prohibiting plaintiff from leaving his assigned class to attend services because of a directive issued by defendant Neill, the Supervisor of Vocational Instructors.   The directive indicated that inmates are prohibited from attending Jumu'ah services during work or class hours.  Plaintiff filed an inmate grievance, which affirmed the decision to require plaintiff to attend classes rather than Jumu'ah services.  Defendant Robicheaux advised that plaintiff would be disciplined if he left classes to attend services.   A prison policy that punished inmates for making such a decision was found to violate the First Amendment in Mayweathers v. Newland, 258 F.3d 930, 937 (9th Cir. 2001).

Warden Lewis reiterated the policy, and defendant Koshell advised subordinate Community Resource Managers to prohibit inmates from attending religious services.

As to defendants Burnett, Robicheaux, Neill, Lewis, Grannis and Koshell, plaintiff has stated a claim for relief.  As to defendants Bonilla and Malfi, the only allegation plaintiff has failed to state a claim for relief.  Plaintiff alleges that they failed to provide plaintiff with a fair and impartial review of his inmate grievance.

Plaintiff does not have a liberty interest protectible under the Fourteenth Amendment's due process clause to have inmate grievance forms properly processed by corrections employees.  <u>Sandin v. Conner</u>, 515 U.S. 472, 484 (1995)(protected liberty interests generally arise from restraints that impose atypical and significant hardships); <u>Buckley v. Barlow</u>, 997 F.2d 494, 495 (8th Cir. 1993)(prisoner does not have a Fourteenth Amendment liberty interest implicated in the processing of inmate grievance forms).   Plaintiff has not alleged any facts indicating that he was denied any process.

The court will provide plaintiff with an opportunity to file an amended complaint that cures the defects identified in this order.  If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that defendants Bonilla and Malfi be dismissed.

IT IS SO ORDERED.

**Dated:   May 23, 2005**              **/s/  William M. Wunderlich**
mmkd34                                 UNITED STATES MAGISTRATE JUDGE

4